## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

AMERICAN GENERAL LIFE AND ) **C.A. NO. 4:11-cv-00667-RBH**
ACCIDENT INSURANCE COMPANY, )
)
PLAINTIFF, )
)
vs. )
) **ORDER OF JUDGMENT BY DEFAULT**
VISIONS FUNDING, INC., FUNERAL )
FINANCIAL SERVICES, and )
VERONICA SINGLETARY, )
)
DEFENDANTS. )

THIS MATTER COMES BEFORE THE COURT on motion of the Plaintiff, American

General Life and Accident Insurance Company ("AGLA"), for entry of judgment by default

against Defendants Visions Funding, Inc. ("Visions") and Veronica Singletary ("Singletary") for

the relief set forth in AGLA's Complaint of Interpleader. For the reasons set forth herein,

AGLA's motion is hereby GRANTED as follows:

AGLA's motion was based upon the following grounds that AGLA has shown to the

Court's satisfaction:

1.    AGLA commenced this action on March 18, 2011 by filing its Complaint of

Interpleader (Docket Entry No. 1) seeking to deposit with the Court certain disputed life

insurance policy proceeds as set forth more fully in AGLA's Complaint of Interpleader.

2.    AGLA duly served Visions with a Summons (Docket Entry No. 4) and its

Complaint of Interpleader on March 30, 2011 and filed an Affidavit of Service on Defendant

Visions Funding, Inc. (Docket Entry No. 7) evidencing the same.



3.    AGLA duly served Singletary with a Summons (Docket Entry No. 4) and its Complaint of Interpleader on March 29, 2011 and filed an Affidavit of Service on Defendant Veronica Singletary (Docket Entry No. 6) evidencing the same.

4.    Both Visions and Singletary were required to serve an answer or otherwise plead in response to AGLA's Complaint of Interpleader within twenty-one (21) days after service of the same upon them. Rule 12, FRCP.

5.    Neither Visions nor Singletary timely served an answer or otherwise pled in response to AGLA's Complaint of Interpleader nor has either made any appearance in this action as of the date hereof.

6.    Both Visions and Singletary are in default and the Clerk of Court has so entered their default upon the record (Docket Entry No. 14).

7.    Under these circumstances, where the relief demanded by AGLA in its Complaint of Interpleader is not such that requires a hearing to enter or effectuate judgment, judgment by default should be rendered against Visions and Singletary for the relief demanded in AGLA's Complaint of interpleader.

NOW, THEREFORE, FOR GOOD CAUSE BEING SHOWN,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that judgment by default is entered in favor of AGLA as follows:

(A)    AGLA's requested interpleader is granted;[1]

(B)    AGLA is permitted to and shall deposit with the Court all of the proceeds of the subject insurance policies (specifically, the policies identified in AGLA's Complaint of

---

[1] Defendant Funeral Financial Services ("Funeral Financial") duly answered AGLA's Complaint of Interpleader (Docket Entry No. 11) and is not in default. In Funeral Financial's Answer, it expressly requested that the Court grant AGLA's request for interpleader, and asserted a demand for all of the funds that are to be deposited with the Court along with such other and further relief as the Court deems just and proper.



Interpleader by numbers 10-0125460213 and 10-0126079284), the total amount of which being $12,125.41;

(C)    AGLA shall make the above-referenced deposit within 21 days of the entry of this Order by transmitting a good and sufficient check for such proceeds to the Clerk of this Court along with a copy of this Order;

(D)    Upon deposit with the Court of the funds above-referenced, AGLA shall be fully and finally released from any further obligations under the subject policies of insurance and all of the Defendants herein shall be restrained from commencing any action against AGLA on the subject policies.

AND IT IS SO ORDERED.

Robert Bryan Harwell
United States District Judge

Florence, South Carolina

Dated: June 12, 2011